**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CUESTA PARTNERS LLC, | Case No.: |
| Plaintiff, | |
| -against- | |
| JAMIE REINGRUBER, LEO BERWICK LP, and LEO BERWICK AI, LP, | |
| Defendants. | |

**ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER,**
**PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY**

Upon the Summons and Complaint, the supporting Declarations of Thomas Derhake and John Cacavias and the exhibits annexed thereto, and Plaintiff Cuesta Partners LLC's ("Cuesta") Memorandum of Law in Support of its Motion for a Temporary Restraining Order, a Preliminary Injunction, and Expedited Discovery, and pursuant to Federal Rule of Civil Procedure 65, it is hereby:

**ORDERED**, that Defendants Jamie Reingruber ("Reingruber"), Leo Berwick LP ("Leo Berwick LP"), and Leo Berwick AI, LP ("Leo Berwick AI") (collectively, "Defendants"), show cause before this Court, at Room _____, United States Courthouse, Southern District of New York, 500 Pearl St, New York, New York 10007, on _____, 2026, at _____ o'clock in the __.m., or as soon thereafter as counsel can be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure:

i.  Enjoining and restraining Defendants, and any person or entity acting in concert with them or under their supervision, from possessing, using, disclosing or disseminating Cuestas' confidential information, and requiring the immediate return of all such materials, as well as Reingruber's laptop, with a sworn certification; and

ii.  Enjoining Defendants, and any person or entity acting in concert with them or under their supervision, from any other actions in violation of Defendant Reingruber's contractual obligations or fiduciary duties owed to Cuesta; and

iii.  Requiring that Defendant Jamie Reingruber return to Cuesta by no later than 5 p.m. May 5, 2026 the laptop computer supplied to him by Cuesta, failing which Cuesta may seek an order of seizure pursuant to 18 U.S.C. §1836(b) and FRCP 65; and it is further

**ORDERED**, that sufficient reason having been shown, pending the hearing of Plaintiff's application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, that:

(a)  Defendants, and any person or entity acting in concert with them or under their supervision, are temporarily restrained and enjoined from:

i.  possessing, using, disclosing or disseminating Cuesta's confidential information, and requiring the immediate return of all such materials, as well as Reingruber's laptop, with a sworn certification; and

ii.  any other actions in violation of Defendant Reingruber's contractual obligations or fiduciary duties owed to Cuesta; and

(b)  Defendant Reingruber is compelled to return his Cuesta-issued laptop to Cuesta by no later than May 4, 2026; and it is further.

**ORDERED**, that the Cuesta shall be permitted to seek discovery from Defendants on an expedited basis, including (a) taking the deposition of Defendant Reingruber; (b) depositions of Leo Berwick L.P. and Defendant Leo Berwick AI pursuant to FRCP 30(b)(6) on the issues of (i) Leo Berwick AI's recruiting and hiring of Defendant Reingruber, (ii) Defendant Reingruber's duties, responsibilities and activities while in the employ of Leo Berwick AI from the inception

thereof until the date of examination; (iii) their possession of Cuesta's confidential information; and (c) the production of documents related to the aforesaid, and (d) forensic inspection of the Defendant Reingruber's devices and accounts, in preparation for the hearing of Plaintiffs' application for a preliminary injunction is granted; and it is further

**ORDERED** that pending the hearing of this motion, Defendants shall immediately return to Plaintiff all originals and copies now in the possession, custody or control of Defendants, of all documents and electronic records reflecting or containing confidential or proprietary information of Cuesta; and it is further

**ORDERED** that Cuesta shall not be required to post any bond or undertaking in connection with the within temporary restraining order; and it is further

**ORDERED**, that the restraints herein shall remain in full force and effect for fourteen days from the date hereof, without prejudice to Cuesta's right to seek to extend same pursuant to FRCP 65;

**ORDERED**, that service of a copy of this Order and the papers on which it is based upon to counsel for Defendant Reingruber, c/o Tina Solis, Esq. of Nixon Peabody LLP by email before 5:00 p.m. on _____, 2026 shall be deemed good and sufficient service; and it is further

**ORDERED**, that service of a copy of this Order and the papers on which it is based upon to counsel for Defendant Leo Berwick, Ian M. Larson, Esq. its Chief Legal Officer, by email before 5:00 p.m. on _____, 2026 shall be deemed good and sufficient service; and it is further

**ORDERED**, that service of a copy of this Order and the papers on which it is based upon Defendant Leo Berwick AI, by Federal Express, to its Registered Agent, National Registered Agents, Inc., 1209 Orange Street, Wilmington DE, New Castle, DE 19801, by _____, 2026, shall be deemed good and sufficient service; and it is further

**ORDERED**, that answering affidavits, if any, must be served by hand or by email on Plaintiff's attorneys of record in this action no later than ___ a.m./p.m. on _____, 2026, and reply affidavits, if any, must be served by hand or by email upon Defendants no later than ___ a.m./p.m. on _____, 2026.

**SO ORDERED**:

Dated: April ___, 2026
      New York, New York            _____