UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X

CUESTA PARTNERS LLC,

Plaintiff,

-v-

JAMIE REINGRUBER, et al.,

Defendants.

---------------------------------------- X

26cv3602 (DLC)

MEMORANDUM OPINION AND ORDER

APPEARANCES:

For Plaintiff Cuesta Partners LLC:
Eric A. Savage
Sara Elgndy
Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022

For Defendant Jamie Reingruber:
Daniel K. Winters
Emma R. Schuering
Leo Bronshteyn
Polsinelli PC
600 Third Avenue
New York, NY 10016

Jon Bierman
Polsinelli PC
7676 Forsyth Blvd, Suite 800
St. Louis, MO 63105

For Defendants Leo Berwick LP and Leo Berwick AI, LP:
Peter Andrew Stokes
Anthony Lauriello
Kelly Potter
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019

DENISE COTE, District Judge:

In March of 2026, Jamie Reingruber resigned from Cuesta Partners LLC ("Cuesta") after downloading a massive amount of its files. He had accepted an employment offer from Leo Berwick AI, LP ("Berwick AI"), a Cuesta competitor. An Order of July 8 enjoined all defendants from possessing and using confidential information regarding Cuesta and its clients, and from otherwise violating or inducing violations of Reingruber's employment agreement with Cuesta. Following the preliminary injunction, defendants Leo Berwick LP and Leo Berwick AI, LP (collectively, "the Berwick Defendants") moved to dismiss the causes of action against them for failure to state a claim. For the following reasons, the Berwick Defendants' motion is denied.

## **Background**

The background facts and history of this litigation is described in the Opinion of July 8, which is incorporated by reference. See Cuesta Partners LLC v. Reingruber, No. 26cv3602 (DLC), 2026 WL 1971248 (S.D.N.Y. July 8, 2026). Familiarity with it is assumed. This Opinion recites only those facts relevant to the instant motion.

On April 30, 2026, plaintiff Cuesta brought this action against its former employee, Jamie Reingruber, and his employers, Leo Berwick LP and Leo Berwick AI, LP, after

Reingruber downloaded a massive amount of its files before resigning to join the Berwick Defendants as a partner. Cuesta also moved for a temporary restraining order ("TRO") and a preliminary injunction that same day. The Court granted the TRO on May 1 and later, following a July 1 preliminary injunction hearing, enjoined the defendants from possessing and using confidential information regarding Cuesta and its clients, and from otherwise violating or inducing violations of Reingruber's employment agreement with Cuesta.

In the interim, on May 16, the Berwick Defendants moved to dismiss the action. On June 8, Cuesta filed its First Amended Complaint ("FAC"). The FAC brings two claims against the Berwick Defendants, alleging that they acquired and benefitted from Cuesta's trade secrets, in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836 et seq., and that they intentionally induced Reingruber to violate his employment agreement with Cuesta in violation of Illinois common law. The Berwick defendants renewed their motion to dismiss on June 26, and it became fully submitted on July 31. Discovery is not stayed; it is scheduled to conclude on November 13, 2026.

## **Discussion**

The Berwick defendants' motion to dismiss argues that the FAC fails to state a claim against them under the DTSA for two

reasons. They claim that the FAC does not sufficiently allege (i) any protectible trade secrets or (ii) any misappropriation by the Berwick Defendants. They are incorrect on both grounds.[1]

To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Doe v. Franklin Square Union Free School Dist., 100 F.4th 86, 94 (2d Cir. 2024) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Vengalattore v. Cornell Univ., 36 F.4th 87, 102 (2d Cir. 2022) (quoting Iqbal, 556 U.S. at 678). In determining if a claim is sufficiently plausible to withstand dismissal, a court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Doe, 100 F.4th at 94 (citation omitted).

To state a claim for trade secret misappropriation under the DTSA, a plaintiff must plausibly allege that (1) it possessed a trade secret, and (2) the defendant misappropriated that trade secret. 18 U.S.C. § 1836(b)(1). Under the DTSA, the

[1] The Court declines to reach the parties' arguments on the second claim brought against the Berwick Defendants.

term "trade secret" includes "all forms and types of financial, business, scientific, technical, economic, or engineering information" if:

> (A) the owner thereof has taken reasonable measures to keep such information secret; and
>
> (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information[.]

18 U.S.C. § 1839(3). The plaintiff "bears the burden of identifying a purported trade secret with sufficient specificity." Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc., 68 F.4th 792, 800 (2d Cir. 2023). "The existence of a trade secret, including whether it was adequately identified, is a fact-specific question to be decided on a case-by-case basis." Id. at 801 (citation omitted).

The DTSA defines "misappropriation" as the "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means" or the "disclosure or use of a trade secret of another without express or implied consent" in specified circumstances. Id. § 1839(5). It then defines "improper means" as including "theft, bribery, misrepresentation, [and] breach or inducement of a breach of a duty to maintain secrecy" but excluding "reverse

engineering, independent derivation, or any other lawful means of acquisition." Id. § 1839(6). The statute therefore contemplates three theories of liability for the misappropriation of trade secrets: (1) acquisition, (2) disclosure, and (3) use.

The FAC sufficiently identifies the trade secrets at issue and sufficiently alleges that the Berwick Defendants misappropriated those trade secrets. Thus, the motion to dismiss fails.

As an initial matter, Cuesta carried its burden of "identifying a purported trade secret with sufficient specificity." Syntel Sterling, 68 F.4th at 800. "The specificity requirement places a defendant on notice of the bases for the claim being made against it and allows a factfinder to determine whether certain information is, in fact, a trade secret." Id. at 801 (citation omitted). The FAC specifies numerous categories of confidential business information that Reingruber downloaded in the days after he received his final employment offer from the Berwick Defendants to launch a competing service, including business strategy and marketing documents, pricing schedules, and client deliverables and contacts. These allegations gave the Berwick Defendants

adequate notice as to what the misappropriation allegations concern.

The FAC also sufficiently pled that Cuesta took "reasonable measures to keep such information secret" and that the information "derives independent economic value." 18 U.S.C. § 1839(3). The FAC alleges that Cuesta requires its employees to enter into confidentiality and non-disclosure agreements that prohibit employees from using confidential information for any purpose outside of their employment with Cuesta, and from disclosing or removing it from Cuesta's premises. The FAC also alleges that Cuesta spent years and invested millions of dollars to develop its client relationships and related trade secrets.

The FAC also sufficiently alleges that the Berwick Defendants -- as opposed to Reingruber himself -- misappropriated those trade secrets. As explained above, the DTSA statute contemplates three theories of liability for the misappropriation of trade secrets: (1) acquisition, (2) disclosure, and (3) use. The FAC adequately pleads that the Berwick Defendants misappropriated Cuesta's trade secrets once it employed Reingruber. Reingruber had acquired the trade secrets by improper means and retained possession of them while a partner at Leo Berwick. Common sense and the FAC's allegations explain that Reingruber took and retained those

trade secrets to assist him in his work at Leo Berwick. The attempt of the Berwick Defendants to avoid liability for their partner's wrongful actions necessarily fails.

The Berwick Defendants argue that the FAC fails to plead that Reingruber "shared" any of the illicitly downloaded files with Leo Berwick's other employees. That argument assumes a legal requirement that does not exist. Whether Reingruber physically shared the stolen files with his coworkers is irrelevant. The FAC adequately pleads that the trade secrets were in the possession of the Berwick Defendants once Reingruber began his employment with them and that he intended to use these trade secrets to assist Leo Berwick in its business.

**Conclusion**

The Berwick Defendants' June 26, 2026 motion to dismiss is denied.

Dated: New York, New York
August 26, 2026

DENISE COTE
United States District Judge