UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CUESTA PARTNERS LLC,

Plaintiff,

-against-

JAMIE REINGRUBER, LEO BERWICK LP, and LEO BERWICK AI, LP,

Defendants.

Case No.: 1:26-cv-03602-DLC

**STIPULATED PROTECTIVE ORDER AND FRE 502(d) AND (e) CLAWBACK AGREEMENT/ORDER**

**WHEREAS,** the Parties in the above-captioned matter have agreed that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, documents, and other materials; and

**WHEREAS,** the Parties have agreed to produce such documents only on the agreement that such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material will be disclosed only as provided herein;

**WHEREAS,** the Parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information), and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a Parties' discovery request, or informal production;

**WHEREAS,** the Parties may be required to produce large volumes of Documents. The Parties wish to comply with discovery deadlines and complete discovery as expeditiously as

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 2 of 23

possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, and need the additional protections of a Court Order under Federal Rules of Evidence 502(d) and (e) to do so;

**WHEREAS**, in order to comply with applicable discovery deadlines, a Party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

a. was not inadvertent by the Producing Party;

b. that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

c. that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

d. that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents;

**WHEREAS**, because the purpose of this Stipulation is to protect and preserve privileged Documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

**THEREFORE**, the Parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein pertaining to "Confidential Information" on the terms set forth herein, as well as an Order, pursuant to Fed. R.

Evid. 502, governing the return of inadvertently produced documents and data and affording them the protections of Fed. R. Evid. 502(d) and (e), on the terms set forth herein.

The Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the Parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. This Protective Order will be entered pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502.

2. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind, type, or nature provided in discovery in this action) that is designated as "Confidential" of "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

3. A Party or producing non-party may designate Discovery Material as "Confidential" if such Party or producing non-party believes in good faith that such Discovery Material constitutes or contains: nonpublic, proprietary, commercially sensitive, or confidential, technical, business, financial, personal, or other information of a nature that can be protected under applicable law, regulation, or contract; information the Party or producing non-party is under a preexisting obligation to a third-party to treat as confidential; or information that another Party or non-party has in good faith requested be designated as confidential on the grounds that such Party

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 4 of 23

or non-party considers such material to contain information that is confidential, commercially sensitive, or proprietary. The following categories of information, a list which is non-exclusive, presumptively qualify for Confidential designation:

a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b. previously nondisclosed material relating to ownership or control of any non-public company;

c. previously nondisclosed business plans, product development information, or marketing plans;

d. any information of a personal or intimate nature regarding any individual; or

e. any other category of information hereinafter given confidential status by the Court.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "CONFIDENTIAL" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts, if a Party believes that some or all the testimony should be designated as "Confidential," such testimony may be designated as appropriate by stating so orally on the record and requesting that the relevant portion(s) or entire transcript of testimony is so designated.

5. A non-producing Party may designate documents produced by non-parties or another Party as "Confidential" pursuant to the following procedures: (i) the designating party must provide written notice of the new designation to all parties (and the person who produced or disclosed the documents or other materials if not a Party) (a "Notice of Designation"); (ii) upon

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 5 of 23

receipt of the Notice of Designation, the Parties shall treat as Confidential all copies of the designated documents; and (iii) the new designation applies retroactively as of the date and time of the original production.

6. If at any time prior to the trial of this action, a Party or producing non-party realizes that some portion(s) of Discovery Material that was previously produced without limitation should be designated as Confidential, that Party or producing non-party may so designate by so apprising all Parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidential to any other person whomsoever, except to:

a. the Parties to this action;

b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

e. any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 6 of 23

f. stenographers or videographers engaged to transcribe and record depositions conducted in this action; and

g. the Court and its support personnel.

8. Nothing in this Protective Order authorizes the filing of any document under seal without prior Court approval. Any Party seeking to file Confidential Discovery Material, or material designated as Confidential Discovery Material, in connection with any pleading, motion, or other submission to the Court must comply with the Court's Individual Practices governing redactions and filings under seal, including Rule II.E., and must make an appropriate application demonstrating that sealing or redaction is warranted. If a Party seeks to file Discovery Material that the opposing Party has designated as Confidential, the filing Party shall provide at least five (5) business days' notice to the designating party, or as quickly as reasonably practicable given the Court's rules and/or applicable filing deadlines, and the designating party shall bear the responsibility of submitting any sealing application within that time period. If the designating party fails to timely submit a sealing application, the material may be filed publicly.

9. Any Party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "Highly Confidential - Attorneys' Eyes Only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. Upon receipt of such objection, the designating party shall bear the burden of establishing the propriety of the designation. If the designating party fails to respond substantively within fourteen (14) days of receipt of the objection, the designation shall be automatically removed. If agreement cannot be reached promptly, counsel for all affected persons will address

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 7 of 23

their dispute to this Court in accordance with Section 2(C) of this Court's Individual Practices in Civil Cases.

10. "Highly Confidential - Attorneys' Eyes Only" Designation. A Party or producing non-party may designate Discovery Material as "Highly Confidential - Attorneys' Eyes Only" if such Party or producing non-party believes in good faith that disclosure of such Discovery Material to any person other than outside counsel of record, their staff, retained experts, and the Court would create a significant risk of competitive harm or other serious injury that cannot be avoided by less restrictive means. Information qualifying for Highly Confidential - Attorneys' Eyes Only designation includes, but is not limited to: (a) highly sensitive trade secrets, including source code, proprietary algorithms, and formulas; (b) confidential business strategies, pricing information, and financial projections not otherwise publicly disclosed; (c) client identification information and confidential client communications; (d) information subject to contractual confidentiality obligations that prohibit disclosure to competitors; and (e) personally identifiable information of a highly sensitive nature. A Party may designate Highly Confidential – Attorneys' Eyes Only Information produced pursuant to this Order by placing the following legend on the face of or in the title of the document or collection of documents: "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Upon such designation, all Parties shall treat the identified information as highly confidential under this agreement until and unless it is otherwise agreed by all Parties or ordered by the Court. In the event a Party neglects to identify any disclosed information as highly confidential, it may do so after disclosure by sending notice to all Parties that clearly delineates the highly confidential information, which shall be treated as highly confidential from the date written notice of the designation is provided to the receiving Party. The

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 8 of 23

procedures for challenging a Highly Confidential - Attorneys' Eyes Only designation shall be the same as those set forth in Section 9 for challenging Confidential designations.

11. Discovery Material designated as Highly Confidential - Attorneys' Eyes Only shall not be disclosed to any person other than:

a. Parties' respective counsel of record, and the clerical, paralegal, secretarial staff, and other employees who are acting under the direction and control of the Parties' counsel and who are assisting such counsel in this litigation;

b. individuals whom any Party to this litigation intends to call as witnesses at trial, provided that such Party genuinely and reasonably believes that the witness already has knowledge of the Highly Confidential – Attorneys' Eyes Only Information, including deponents during the course of their deposition;

c. outside experts or consultants who are engaged expressly for the purpose of assisting in the Action, as well as commercial copy services, data entry and computer support organizations hired by and assisting counsel for a Party;

d. a mediator or other neutral involved in settlement discussions between the Parties;

e. representatives and/or agents of any Party's insurance carrier;

f. Stenographers, typists, or court reporters but only to the extent necessary to prepare records of sworn testimony or transcribe testimony; and

g. any individual who was in lawful possession of such Discovery Material as of the commencement of the litigation.

Such disclosure shall only be made for purposes that are specifically and directly related to the reasonable conduct of this litigation, and to no other persons. Such information shall be held in the highest confidence by each person to whom it is disclosed, shall be used only for

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 9 of 23

purposes that are specifically and directly related to the conduct of this litigation, and shall not be used for any business purpose. All electronic images and paper copies of Highly Confidential – Attorneys' Eyes Only Information shall be securely destroyed subject to the provisions of Section 19 herein.

The unauthorized disclosure of Highly Confidential – Attorneys' Eyes Only Information shall give the disclosing Party the right to seek and obtain immediate injunctive or other equitable relief to enjoin any unauthorized use or disclosure of its Highly Confidential – Attorneys' Eyes Only Information in addition to any other rights or remedies that it may have at law or otherwise.

12. With respect to the Highly Confidential - Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts, the producing person or that person's counsel may designate such portion as "Highly Confidential - Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Highly Confidential - Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts, if a Party believes that some or all the testimony should be designated as "Highly Confidential - Attorneys' Eyes Only," such testimony may be designated as appropriate by stating so orally on the record and requesting that the relevant portion(s) or entire transcript of testimony is so designated.

13. A non-producing Party may also designate documents produced by non-parties or another Party as "Highly Confidential - Attorneys' Eyes Only" pursuant to the following procedures: (i) the designating party must provide written notice of the new designation to all parties (and the person who produced or disclosed the documents or other materials if not a party) (a "Notice of Designation"); (ii) upon receipt of the Notice of Designation, the parties shall treat

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 10 of 23

as Highly Confidential - Attorneys' Eyes Only all copies of the designated documents; and (iii) the new designation applies retroactively as of the date and time of the original production.

14. If at any time prior to the trial of this action, a Party or producing non-party realizes that some portion(s) of Discovery Material that was previously produced without limitation should be designated as Highly Confidential - Attorneys' Eyes Only, that Party or producing non-party may so designate by so apprising all Parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Highly Confidential - Attorneys' Eyes Only under the terms of this Order.

15. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential - Attorneys' Eyes Only. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document, Highly Confidential - Attorneys' Eyes Only Document or information contained in any Confidential Document or Highly Confidential - Attorneys' Eyes Only Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

16. Any person who has access to or possession of another Party's Discovery Material that has been designated as Confidential or Highly Confidential - Attorneys' Eyes Only shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material, protect against any reasonably anticipated threats or hazards to the security of such Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material, and protect against unauthorized access to or use of

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 11 of 23

such Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material. To the extent a person or party does not have an information security program they may comply with this provision by having the Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program. If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another Party's Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material, the Receiving Party shall: (1) promptly provide written notice to Designating Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide the Designating Party with assurances reasonably satisfactory to the Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement, or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement, or order through legal means. The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

17. All Discovery Material, regardless of whether it is designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only", shall be used by the receiving person solely for purposes of this action and solely to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including any business, competitive, governmental, commercial, or administrative purpose or function, or in any other case, proceeding,

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 12 of 23

matter, controversy, lawsuit, or other legal action, whether currently on-going or not yet commenced

18. This Protective Order shall survive the termination of the litigation.

19. All "Confidential Information" or "Highly Confidential - Attorneys' Eyes" Discovery Material shall be returned or destroyed as follows:

a. Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted shall be promptly returned to the producing person. In the alternative, with the permission of the Producing Party, within thirty (30) days of the conclusion of the litigation, counsel for each party shall certify to counsel for the opposing party, in writing, that any and all Discovery Materials designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only", including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, produced by the opposing Party, has been destroyed.

b. If "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material is furnished to outside experts or consultants pursuant to this Order, the attorney for the Party using such expert or consultant shall have the responsibility of ensuring that all such Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 13 of 23

from the physical medium by which data was transmitted, is returned to the producing party or destroyed, and so certifying in writing as provided in sub-part (a) above.

c. If Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications, and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

d. Notwithstanding the foregoing, counsel of record for the parties may retain: (a) one archival copy of all pleadings, motion papers, and exhibits filed with the Court; (b) attorney work product that references or incorporates Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material; and (c) materials reasonably necessary for any appeal, post-judgment proceedings, or to respond to any professional responsibility inquiry. Such copies shall remain subject to the terms of this Protective Order.

e. The Parties, counsel of record for the Parties, and experts or consultants for a Party shall not be required to return or to destroy any Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 14 of 23

disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material is not returned or destroyed due to the foregoing reasons, such Confidential or Highly Confidential - Attorneys' Eyes Only Discovery Material shall remain subject to the confidentiality obligations of this Order.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

21. Restrictions on Use of AI to process Confidential or Highly Confidential - Attorneys' Eyes Only Information: Any person or entity authorized to have access to Confidential and/or Highly Confidential - Attorneys' Eyes Only Information under the terms of this Order:

a. may use applications, services, or analytical software (including artificial intelligence tools) that process Confidential and/or Highly Confidential - Attorneys' Eyes Only Information, provided that such application, service, or analytical software:

i. does not use Confidential and/or Highly Confidential - Attorneys' Eyes Only Information to permanently train any machine learning model or artificial intelligence system;

ii. provides the Receiving Party the ability to remove or delete from the system all Confidential and/or Highly Confidential - Attorneys' Eyes Only Information; and

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 15 of 23

b. is SOC 2 Type II certified or employs substantially equivalent security controls, or operates within an enterprise environment where the Receiving Party has confirmed through due diligence that appropriate security and privacy controls are in place.

The restrictions in this Section 21 apply to all artificial intelligence tools, including but not limited to large language models and generative AI tools such as OpenAI's GPT or ChatGPT, Google's Gemini, Anthropic's Claude, and similar tools or applications. Nothing in this Section shall prohibit the use of traditional e-discovery platforms, technology-assisted review tools, or document management systems that employ machine learning or SOC 2 Type II compliant AI for purposes of document classification, privilege review, or relevance determination, provided such tools comply with subsections (a)(i) through (ii) and (b) above.

22. Pursuant to Fed. R. Evid. 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

a. "Producing Party" shall mean any party that produces a Document, as defined above, to another party in this matter.

b. "Receiving Party" shall mean any party that receives a Document, as defined above, from another party in this matter.

c. The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 16 of 23

d. The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

e. If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

   i. the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) business days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 17 of 23

Documents to identify potentially privileged or work product Protected Documents.

ii. If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) business days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

f. If, during the course of this litigation, a party determines it has produced a Protected Document:

i. the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by Bates number range or hash value, the privilege or protection claimed,

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 18 of 23

and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

ii. The Receiving Party must, within ten (10) business days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts, or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

g. To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in Sections 21(e)(ii) and 21(f)(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 19 of 23

h. The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

   i. the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

   ii. the disclosure of the Protected Documents was not inadvertent;

   iii. the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

   iv. the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

i. Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

j. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the

Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

k. Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information), and other information, including without limitation, metadata, for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to another party.

l. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

m. By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of Fed. R. Evid. 502 (d) and (e).

23. Once executed by all parties, the Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

So ordered.
Denise Cote
8/27/26

SO STIPULATED AND AGREED.

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 21 of 23

**LITTLER MENDELSON, P.C.**

By: /s/ Eric A. Savage
Eric A. Savage
Sara A. Elgndy
900 Third Avenue
New York, New York 10022.3298
Telephone: 212.583.9600
Facsimile: 212.832.2719
ESavage@littler.com
SElgndy@littler.com

*Attorneys for Plaintiff*

**POLSINELLI PC**

By: *Emma R. Schuering*
Daniel K. Winters
Leo D. Bronshteyn
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199
dwinters@polsinelli.com
lbronshteyn@polsinelli.com

Jon A. Bierman (admitted *pro hac vice*)
POLSINELLI PC
7676 Forsyth Blvd., Suite 800
St. Louis, MO 63105
(314) 889-8000
jbierman@polsinelli.com

Emma R. Schuering (admitted *pro hac vice*)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
(816) 753-1000
eschuering@polsinelli.com

*Attorneys for Defendant, Jamie Reingruber*

**NORTON ROSE FULBRIGHT US LLP**

By: /s/ Peter A. Stokes
Peter A. Stokes (*pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100,
Austin, Texas 78701-4225
Tel. (512) 536-5287 | Fax (2512) 536-4598
peter.stokes@nortonrosefulbright.com

Anthony Lauriello
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Tel. (212) 318-3093 | Fax (212) 318-3400
anthony.lauriello@nortonrosefulbright.com

Kelly A. Potter (*pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, Texas 77010-4106
Tel. (713) 651 5678 | Fax (713) 651 5246
kelly.potter@nortonrosefulbright.com

*Attorneys for Defendants, Leo Berwick LP, and Leo Berwick AI, LP*

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 22 of 23

**SO ORDERED:**

________________________

Case 1:26-cv-03602-DLC Document 124 Filed 08/27/26 Page 23 of 23

EXHIBIT A

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of ______________________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order and FRE 502(d) and (e) Clawback Agreement/Order (the "Order") that was issued by the United States District Court for the Southern District of New York on _______________, 2026 in the case of *Cuesta Partners LLC v. Jamie Reingruber, Leo Berwick LP, and Leo Berwck AI, LP*, Case No.: 11:26-cv-03602-DLC-RFT. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ___________________________ [print or type full name] of ________________________________________________________ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ___________________________________

City and State where sworn and signed: ___________________________________

Printed name: ________________________________

Signature:___________________________________